## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DVISION

| | | |
|---|---|---|
| LYRAH HERNANDEZ, as Special | ) | |
| Administrator for the Estate of | ) | Case No. |
| Luis Cruz, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PEORIA, Peoria Police | ) | |
| Officer RYAN ISONHART, and Peoria | ) | |
| Police Officer NICHOLAS MASON, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Lyrah Hernandez, as Special Administrator for the Estate of Luis Cruz, by and through her attorneys, complaining of Defendants CITY OF PEORIA, Peoria Police Officer RYAN ISONHART, and Peoria Police Officer NICHOLAS MASON, states as follows:

## INTRODUCTION

**1.** On July 19, 2018, Luis Cruz was a 19-year old father of 18-month old twin girls. On that date, he was shot and killed by Defendant Ryan Isonhart.

**2.** Defendant Isonhart's shooting of Cruz was unjustified, unreasonable, and a violation of Cruz's civil rights.

**3.** Plaintiff Lyrah Hernandez is the duly appointed special administrator for the Estate for Luis Cruz and brings this action to redress the violation of Cruz's civil rights under the Federal Constitution, to redress the violations of Cruz's rights secured by the

laws of Illinois, and to seek justice for Cruz and those similarly mistreated by the hands of the Peoria Police Department.

## JURISDICTION AND VENUE

**4.**    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivations of Cruz's rights as secured by the Constitution of the United States. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331.

**5.**    This action is also brought pursuant to Illinois law to redress violations of Cruz's rights as secured by the law. This Court has supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367.

**6.**    Pursuant to 28 U.S.C. § 1391(b)(2), the Central District of Illinois is the proper venue for this action as the events giving rise to this litigation occurred within this jurisdiction, Defendant City of Peoria is located within this jurisdiction, and Defendant Isonhart resides within this jurisdiction.

## PARTIES

**7.**    Plaintiff is the duly appointed special administrator for the Estate of Luis Cruz. She is also Cruz's sister. At all relevant times, Plaintiff was a resident of the City of Peoria and a citizen of the United States.

**8.**    Decedent Cruz was 19 years old at the time of his death and the father of twin girls. At the time of his death, Cruz's 18-month old twin girls were his direct heirs.

**9.**    Defendant Ryan Isonhart was, during the relevant time, a law enforcement officer with the Peoria Police Department and employed by Defendant City of Peoria. At all relevant times, Defendant Isonhart acted within the scope of his agency, service, and/or employment with Defendant City of Peoria and was acting under color of law. Defendant Isonhart is being sued in his individual capacity.

2

**10.**    Defendant Nicholas Mason was, during the relevant time, a law enforcement officer with the Peoria Police Department and employed by Defendant City of Peoria. At all relevant times, Defendant Mason acted within the scope of his agency, service, and/or employment with Defendant City of Peoria and was acting under color of law. Defendant Mason is being sued in his individual capacity

**11.**    Defendant City of Peoria is a municipal corporation organized under the laws of the State of Illinois. At all relevant times, Defendant City of Peoria employed Defendants Isonhart and Mason as law enforcement officers. At all relevant times, Defendant City of Peoria was responsible for the policies, practices, and customs for the City of Peoria Police Department.

## FACTS

**12.**    On or about July 19, 2018, Cruz was a passenger in a vehicle driven by Shaquille Alexander.

**13.**    Members of the Peoria Police Department were looking for Cruz as he was wanted for questioning concerning several incidents.

**14.**    Cruz and Alexander arrived at an apartment complex and spent several hours there.

**15.**    Members of the Peoria Police Department tracked Cruz and Alexander to that apartment complex.

**16.**    Instead of forming a plan to safely approach Cruz for questioning, members of the Peoria Police Department – including Defendant Isonhart – instead used their cell phones to browse Facebook.

**17.**    Cruz and Alexander exited the apartment and walked towards Alexander's vehicle.

**18.** Caught off guard due to their internet browsing, members of the Peoria Police Department – including Defendant Isonhart – did not approach Cruz in the parking lot for questioning.

**19.** Instead, the police officers followed Alexander's vehicle as they tried to formulate a plan on the fly to cover up their mistake.

**20.** One officer noticed that the front license plate of Alexander's vehicle was not affixed to the bumper but, instead, was affixed to the front dashboard. In this location, the license plate was still clearly visible.

**21.** Members of the Peoria Police Department – including Defendant Isonhart – decided to use this license plate location as a pretext to stop the vehicle driven by Alexander, who is an African-American male.

**22.** The police vehicle directly behind Alexander's vehicle activated its emergency lights. This action was performed after Alexander's vehicle had turned off of a main road and onto a side road, which was less populated and less illuminated by streetlights.

**23.** Defendant Mason was the driver of this police vehicle. Defendant Isonhart was the front passenger of this police vehicle.

**24.** Alexander's vehicle continued a short distance down a narrow road, turned right onto a wider road, and came to a stop.

**25.** Cruz was nervous as to the presence of the law enforcement officers. He and Alexander were two African-American males being pulled over by plain-clothes members of the Peoria Police Department on a dark and deserted country road. Further, Alexander had not violated any traffic laws to Cruz's knowledge: Alexander had not been speeding and had used his turn signals.

4

**26.**    Afraid of the Peoria Police Officers, Cruz quickly exited Alexander's vehicle. Cruz did not have any firearm in his hand as he exited Alexander's vehicle.

**27.**    Cruz ran around the front of Alexander's vehicle, heading towards a small fence. Cruz did not have a firearm in his hand as he ran around the vehicle and towards the fence.

**28.**    Defendant Isonhart exited his police vehicle, which had stopped directly behind Alexander's vehicle. Defendant Isonhart chased Cruz around the front of Alexander's vehicle.

**29.**    Defendant Isonhart yelled at Cruz to stop.

**30.**    Realizing the futility of his actions, Cruz started to turn around and stop, thus complying with Defendant Isonhart's orders.

**31.**    Defendant Isonhart then drew his firearm and fired at Cruz seven times.

**32.**    When Defendant Isonhart fired at Cruz seven times, Cruz was unarmed.

**33.**    When Defendant Isonhart fired at Cruz seven times, Cruz was not a threat or danger to anyone.

**34.**    When Defendant Isonhart fired at Cruz seven times, his actions were unjustified and unreasonable based on the totality of the circumstances.

**35.**    The seven shots fired by Defendant Isonhart were each independently unreasonable based on the totality of the circumstances.

**36.**    Defendant Isonhart fired seven times in rapid succession; he did not pause and reassess the situation.

**37.**    Cruz was struck numerous times by Defendant Isonhart's bullets.

**38.**    Cruz had one injury to his left arm, one injury to his right thigh, and one injury to his chest.

**39.**    Cruz also had an injury to his head. One of Defendant Isonhart's bullets entered the top of Cruz's head on the left side, passed through his skull, and exited through his left cheek, just below his ear.

**40.**    Each of the injuries Cruz suffered as a result of Defendant Isonhart's firing of his weapon were independently unreasonable and unjustified.

**41.**    Each of the bullets fired by Defendant Isonhart was fired intentionally.

**42.**    Defendant Isonhart's actions in firing each of the bullets that struck Cruz were committed with an actual or deliberate intention to cause harm and/or an utter indifference to or conscious disregard for the safety of Cruz.

**43.**    At no time did Cruz point or brandish a firearm at any member of the Peoria Police Department.

**44.**    In order to conceal the unreasonable use of force, members of the Peoria Police Department – including Defendants Isonhart and Mason – agreed to and conspired to justify Defendant Isonhart's use of deadly force against Cruz. These members then committed overt actions in furtherance of the conspiracy.

**45.**    These actions included claiming that Cruz had pointed a firearm in the direction of Defendant Mason, and claiming that Cruz "racked" a firearm while pointing it at Defendant Mason. These claims were not true.

**46.**    As a result of being shot, Cruz experienced severe pain and suffering.

**47.**    Cruz later died as a result of the injuries inflicted by Defendant Isonhart.

**COUNT I – Violation of the Fourth Amendment – Excessive Force**
**42 U.S.C. § 1983**
**Against Defendant Isonhart**

**48.**    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

6

**49.**    As described in this Compliant, Defendant Isonhart used force that was likely to cause death or great bodily harm against Cruz when he fired his weapon and struck Cruz four times.

**50.**    As described in this Complaint, Defendant Isonhart's use of deadly force was objectively unreasonable based on the totality of the circumstances and, as such,  violated Cruz's rights under the United States Constitution and 42 U.S.C. § 1983.

**51.**    As a direct and proximate consequence of Defendant Isonhart's actions, Cruz suffered damages, including without limitation, violations of his constitutional rights and emotional and physical pain and suffering.

WHEREFORE, Plaintiff prays for judgment against Defendant Isonhart for an award of reasonable compensatory and punitive damages, costs, attorneys' fees, and for any other relief deemed just.

**COUNT II – Conspiracy**
**42 U.S.C. § 1983**
**Against Defendant Isonhart and Defendant Mason**

**52.**    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

**53.**    As described in this Compliant, Defendant Isonhart used force against Cruz that was objectively unreasonable under the totality of the circumstances.

**54.**    In order to conceal Defendant Isonhart's misconduct, Defendants Isonhart and Mason and currently unknown members of the Peoria Police Department, prior to giving statements to investigating officials, agreed to make false statements in order to justify Defendant Isonhart's use of deadly force.

**55.**    In furtherance of the conspiracy, Defendants Isonhart and Mason made false statements that they observed Cruz rack a firearm and point it in Defendant Mason's direction.

**56.**    As a result of Defendants' misconduct, Cruz suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Isonhart and Defendant Mason for an award of reasonable compensatory and punitive damages, costs, attorneys' fees, and for any other relief deemed just.

### COUNT III – Battery
### Illinois State Law
### Against Defendants Isonhart and City of Peoria

**57.**    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

**58.**    As described in this Compliant, Defendant Isonhart used force that was likely to cause death or great bodily harm against Cruz when he fired his weapon and struck Cruz four times.

**59.**    Defendant Isonhart's use of deadly force constituted offensive physical contact with Cruz that was made without Cruz's consent and was not legally justified under the circumstances.

**60.**    Defendant Isonhart's use of deadly force was a battery against Cruz as defined under Illinois law.

**61.**    Defendant Isonhart's actions were committed in a willful and wanton manner.

**62.**    Defendant Isonhart's actions proximately caused Cruz to suffer injuries, including great bodily harm, death, and pain and suffering.

**63.**    At all relevant times, Defendant Isonhart was employed by Defendant City of Peoria, acting in the scope of that employment, acting under color of law, and acting as an agent of Defendant City of Peoria.

WHEREFORE, Plaintiff prays for judgment against Defendants Isonhart and the City of Peoria, for an award of reasonable compensatory damages, costs, and for any other relief deemed just.

**COUNT IV – Wrongful Death**
**Illinois State Law**
**Against Defendants Isonhart and City of Peoria**

**64.**    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

**65.**    The actions of Defendant Isonhart as set forth in this Complaint caused the wrongful death of Cruz, in violation of 740 ILCS 180/1 *et seq*.

**66.**    At all relevant times, Defendants Isonhart and City of Peoria were under a duty to refrain from willful, wanton, reckless, and intentional harmful acts against citizens.

**67.**    On July 19, 2018, Defendants Isonhart and City of Peoria (through its agents) violated that duty by acting in a willful and wanton manner toward Cruz. Specifically, Defendants Isonhart and City of Peoria (through its agents) acted in an intentional, willful and wanton, and reckless manner in one or more of the following ways:

   a. Intentionally shot Luis Cruz without lawful justification;

   b. Discharged a weapon in such a manner as to shoot Luis Crus without lawful justification;

   c. Shot Luis Cruz when there was no reasonable belief that deadly force was necessary to prevent death or great bodily harm to anyone;

d.  Continued to shoot Luis Cruz after he no longer posed a threat of death or great bodily harm to anyone;

e.  Used excessive and unreasonable force;

f.  Failed to exercise the proper level of force that was warranted under the circumstances;

g.  Failed to properly respond to the situation, to wit, making the decision to conduct a pre-textual traffic stop in a dark, remote location rather than a well-lit, parking lot;

h.  Acted inconsistently with/or violated applicable law enforcement standards, including but not limited to City of Peoria Police Department standards as they relate to conducting arrests, traffic stops, and the use of force/deadly force; and/or

i.  Was otherwise willful and wanton by acting in an intentional manner or with reckless disregard for the health and safety of Luis Cruz.

**68.**  As a proximate result of one or more of the aforementioned intentional and/or willful and wanton and/or reckless acts or omissions, Cruz suffered injuries, including great bodily harm, death, and pain and suffering.

**69.**  In addition, Defendant Isonhart's actions caused the Estate of Cruz to suffer injury, including medical and/or funeral expense and the loss of society and companionship.

**70.**  At all relevant times, Defendant Isonhart was employed by Defendant City of Peoria, acting in the scope of that employment, acting under color of law, and acting as an agent of Defendant City of Peoria.

WHEREFORE, Plaintiff prays for judgment against Defendant Isonhart for an award of reasonable compensatory damages, costs, and for any other relief deemed just.

## COUNT V – Survival Action
### Illinois State Law
### Against Defendants Isonhart and City of Peoria

**71.**    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

**72.**     After Defendant Isonhart shot Cruz, Cruz survived for a period of time, during which he experienced conscious pain and suffering.

**73.**    At all relevant times, Defendant Isonhart was employed by Defendant City of Peoria, acting in the scope of that employment, acting under color of law, and acting as an agent of Defendant City of Peoria.

WHEREFORE, Plaintiff prays for judgment against Defendant Isonhart for an award of reasonable compensatory and punitive damages, costs, and for any other relief deemed just.

## COUNT VI – Family Expense Act
### Illinois State Law
### Against Defendant Isonhart

**74.**    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

**75.**     As a direct and proximate cause of Defendant Isonhart's actions in causing Cruz's death, the Estate of Cruz has been forced to incur financial expenses, including without limitation, funeral and burial costs.

WHEREFORE, Plaintiff prays for judgment against Defendant Isonhart for an award of reasonable compensatory and punitive damages, costs, and for any other relief deemed just.

**COUNT VII  - Indemnification**
**Illinois State Law – 745 ILCS 10/9-102**
**Against Defendant City of Peoria**

**76.**    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

**77.**    In Illinois, public entities are required to pay any tort judgment for compensatory damages for which employees are liable so long as the employee acted within the scope of their employment activities.

**78.**    At all relevant times, Defendant City of Peoria was the employer of Defendants Isonhart and Mason.

**79.**    Defendants Isonhart and Mason committed the acts alleged above under color of law and within the scope of their employment with Defendant City of Peoria.

WHEREFORE, should Defendant Isonhart and/or Defendant Mason be found liable on one or more of the claims set forth above, Plaintiff requests Defendant City of Peoria be found liable for any compensatory damages awarded against Defendant Isonhart and/or Defendant Mason, costs, attorneys' fees, and any other relief deemed just.

**COUNT  VIII - *Respondeat Superior***
**Illinois State Law**
**Against Defendant City of Peoria**

**80.**    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

**81.**    At all relevant time, Defendants Isonhart and Mason were an employee and/or agent of Defendant City of Peoria, was acting within the scope of their employment, and was acting under color of law.

**82.**    Under Illinois law, Defendant City of Peoria is liable for any misconduct committed by an employee and/or agent that was committed within the scope of their employment.

WHEREFORE, should Defendant Isonhart and/or Defendant Mason be found liable on one or more of the claims set forth above, Plaintiff requests that, pursuant to *respondeat superior*, Defendant City of Peoria be found liable for any compensatory damages awarded against Defendant Isonhart and/or Defendant Mason, costs, attorneys' fees, and any other relief deemed just.

## JURY DEMAND

Plaintiff Lyrah Hernandez, as Special Administrator for the Estate of Luis Cruz, demands trial by jury.

*/s/ Shawn W. Barnett*
Shawn W. Barnett
Attorney No. 6312312

Hale & Monico LLC
Andrew Hale
Shawn Barnett
53 West Jackson, Suite 357
Chicago, IL 60604
(312) 870-6905

Jackson Thomas LLP
Donald R. Jackson
456 Fulton Street, Suite 218
Peoria, IL 61602
(309) 637-1010